## CIRCUIT COURT OF FAIRFAX COUNTY

David Stern and
Stern Shoe Repair Co., Inc.

v.

The Morrow Corp.

March 1, 1989

Case No. (Chancery) 101068

By JUDGE RICHARD J. JAMBORSKY

I am of the opinion that the Sublease and its terms as entered into and interpreted by Webber and Stern is binding on Webber's successor, The Morrow Corporation. The Morrow Corporation was on notice as to the terms and conditions of the Sublease at the time of its purchase of Greenbriar Cleaners from Webber. Consequently, I deny The Morrow Corporation's prayer for the increased rent and other relief sought in the Cross-Bill and its amendments.

The original plaintiff, David Stern, made misrepresentations to the Court about when the Sublease was executed. I have subsequently concluded that those misrepresentations were not material to the issues. Mr. Stern made misrepresentations to the Court in support of his defense of waiver and estoppel. I have rejected that defense. Even though these misrepresentations have turned out to be immaterial to the outcome, a trial is a truth-gathering process. Counsel for The Morrow Corporation was forced to counter the misrepresentations. Counsel could not anticipate the Chancellor's final conclusion. Accordingly, David Stern and Stern Shoe Repair Company, Inc., will reimburse The Morrow Corporation for attorney's fees, expert witness fees,

and legal research fees incurred by The Morrow Corporation in exposing to the Chancellor the Stern misrepresentations.